UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID PATRICK TRIMM,
    Plaintiff,

vs.                                                        Case No.: 3:22cv18496/LAC/ZCB

ESCAMBIA COUNTY BOARD
OF COMMISSIONERS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former inmate of the Escambia County Jail, commenced this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On September 29, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis*, assessed an initial partial filing fee (IPFF) in the amount of $15.20 under 28 U.S.C. § 1915(b)(1), and directed Plaintiff to pay the IPFF within thirty days. (Doc. 4). The Court also instructed Plaintiff that his "[f]ailure to pay the initial partial filing fee as instructed may result in dismissal of this action." (*Id*. at 3).

Plaintiff did not pay the IPFF within the time allowed. Therefore, on November 21, 2022, the Court ordered Plaintiff to show cause, within thirty days, why the case should not be dismissed for his failure to comply with an order of the

1

Court. (Doc. 5).[1] The time for compliance with the show cause order has expired, and Plaintiff has neither responded to the order nor paid the IPFF.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal when "a party fails to comply with an applicable rule or court order"); *see also Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) (affirming dismissal where the plaintiff failed to pay the initial partial filing fee and failed to respond to a magistrate judge's order to show cause as to why the filing fee had not been paid).

At Pensacola, Florida, this 23rd day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**NOTICE TO THE PARTIES**

---

[1] Plaintiff was released from the Escambia County jail on October 24, 2022. He never informed the Clerk's office in writing of any change in his mailing address. (*See* Doc. 3 at 2) (informing Plaintiff that he is "required to advise the Clerk's Office in writing of any change in [his] mailing address by filing a Notice of Change of Address"). As such, the Court's order to show cause was returned as undeliverable on December 12, 2022. (Doc. 6). The Court forwarded the order to the address given on the Escambia County Jail website. That mail has not been returned, and it has now been over thirty days since the order was forwarded to Plaintiff's new address.

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**